# IN THE COURT OF APPEALS OF IOWA

No. 16-0157
Filed April 6, 2016

**IN THE INTEREST OF K.M., K.M., K.M., K.M. and K.M,**
**Minor Children,**

**E.M., Father,**
    Appellant,

**A.M., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District

Associate Judge.


A father and mother separately appeal the termination of their parental

rights to five children. **AFFIRMED ON BOTH APPEALS.**


Karen A. Taylor of Taylor Law Offices, Des Moines, for appellant father.

Sarah E. Dewein of Cunningham & Kelso, P.L.L.C., Urbandale, for

appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant

Attorney General, for appellee State.

Erin E. Mayfield of Youth Law Center, Des Moines, for minor children.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A father and mother separately appeal the termination of their parental rights to five children.  The mother and father both claim the juvenile court erred in terminating their parental rights pursuant to Iowa Code section 232.116(1)(f) and (h) (2015) and termination was not in the children's best interests.  We affirm the juvenile court's order.

We review de novo proceedings terminating parental rights.  *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).  The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  The juvenile court issued a thorough and well-reasoned order terminating the mother's and father's parental rights; we adopt the findings of fact and conclusions of law as our own.

The juvenile court terminated the mother's and father's parental rights pursuant to Iowa Code section 232.116(1)(f) and (h).  Iowa Code section 232.116(1)(f) and (h) contain similar elements, though section (f) applies to children four years of age or older who have been removed from their parents' physical custody for twelve of the past eighteen months, "or for the last twelve consecutive months and any trial period at home has been less than thirty days." Iowa Code § 232.116(1)(f)(1), (3).  Section (h) applies to children three years of age or younger who have been removed from their parents' physical custody for at least six of the last twelve months, "or for the last six consecutive months and any trial period at home has been less than thirty days."  Iowa Code § 232.116(1)(h)(1), (3).  Otherwise, both sections require a showing the children

have been adjudicated children in need of assistance (CINA), and "there is clear and convincing evidence that at the present time the child[ren] cannot be returned to the custody of the child[ren]'s parents as provided in section 232.102." *See* Iowa Code § 232.116(1)(f), (h).

The father and mother challenge the fourth ground claiming there was not clear and convincing evidence the children could not be returned to their custody at the time of the termination hearing. Concerning the mother's and father's ability to accept custody of the children at the time of the hearing, the court observed:

> [The mother] is addicted to methamphetamines. The addiction started when she was 21 years old.[1] [The mother] admitted to using meth two weeks, before the termination trial.
> . . . .
> Before May, 2015, [the mother] and [the father] had supervised visits with the children together. In May, 2015, when [the father] was again charged with assaulting [the mother], the parents had separate visits. [The mother] was provided a supervised visit for one hour per week with [the youngest child] and two hours per week with all the children together. At [the mother]'s request, the visits were combined to a single three hour visit per week with all the children. During visits, [the mother] "struggles with parenting her children. Her visits are chaotic and the children do not listen to her." The FSRP [(Family Safety, Risk, and Permanency)] worker describes [the mother] at visits as "very agitated," "frustrated easily" and having a "hard time following through with consequences when the children do not listen." At times the FSRP worker has to intervene and help with the children. [The mother] repeatedly runs out of things to do with the children and therefore ends the visit early.
> The Court knows that [the mother] loves her children. [The mother] acknowledges that the children cannot currently live with her.
> . . . .
> [The father] is addicted to methamphetamines. He started using in his early 20's.[2] [The father] admits that he used meth in

---

[1] The mother was thirty-one years old at the time of the termination hearing.
[2] The father was thirty-seven years old at the time of the termination hearing.

January 2015. He denies that he has continued to use. . . . [The father] has a criminal history involving substance abuse. He has a pending OWI from September, 2015. The charge claims that [the father] was intoxicated and driving [the mother].

. . . .

The Court is extremely concerned that [the father]'s therapy is merely addressing superficial topics, in a superficial manner. [The father] did not talk with his therapist about his newest arrest in May 2015, for assaulting [the mother]. Instead, [the father] told his therapist that he wanted less frequent therapy, every 3-4 weeks, so he could have more to talk about.

[The father] interacts well with the children during visits, when he appears. The Court is extremely concerned that he missed three out of eight visits in October/November—the last reporting periods before the Termination of Parental Rights Trial. Also, when DHS offered [the father] an additional *weekly one hour visit* with [the youngest child], [the father] said no to extra time with his son. (emphasis added).

The Court knows that [the father] loves his children. [The father] acknowledges that the children cannot currently live with him.

Due to the parents' ongoing substance abuse and mental health issues, their inability to progress past supervised visits, the father's past domestic assaults of the mother, and their professed inability to have the children immediately reside with them, we find the juvenile court properly terminated their parental rights pursuant to Iowa Code section 232.116(1)(f) and (h).

The parents also claim termination of their parental rights is not in the best interests of the children. Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of the children after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the children, we give primary consideration to "the child[ren's] safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional conditions and needs of the

child[ren]." *See* Iowa Code § 232.116(2). On this point the juvenile court

reasoned:

> The parents have deep, unresolved substance abuse problems. Both continue to test positive for methamphetamine use and choose to consume alcohol. [The father] has a pending OWI, which occurred while he was driving [the mother]. She has smelled of alcohol when visiting the children.
>
> [The father] has failed to safely address his domestic violence history. In 2014, [the father] pled guilty to threatening to light [the mother] on fire and assaulting her. He has sporadically attended superficial counseling but not addressed the underlying reasons he continues to assault the children's mother. Despite attending counseling, in May, 2015, [the father] was again charged with assaulting [the mother]. [The father] failed to discuss this charge with his long term counselor. Instead, he asked for less frequent visits with his counselor—every 3 to 4 weeks—so they would have more to talk about.

We agree with the juvenile court that termination is in the best interests of

the children and affirm the juvenile court's order.

**AFFIRMED ON BOTH APPEALS.**